**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**GARY L. SMITH,**

        **Petitioner,**

    **v.**                       **CIVIL ACTION NO. 3:06cv9**
                                        **(Judge Broadwater)**

**KEVIN J. WENDT, Warden,**

        **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

This matter is pending before me for Report and Recommendation pursuant to LR PL P

83.09. On January 23, 2006, the *pro se* petitioner filed an Application for Habeas Corpus

Pursuant to 28 U.S.C. § 2241. By Order entered on February 14, 2006, the Court directed the

respondent to show cause why the writ should not be granted. On March 9, 2006, the respondent

filed a Motion to Dismiss, or Alternatively, for Summary Judgment. On March 29, 2006, the Court

issued a Roseboro Notice. On March 31, 2006, the petitioner filed a Notice indicating that the staff

at USP Big Sandy had denied his request for access to his legal matters, and therefore, he is unable

to properly prepare a response to the Roseboro Notice.

### I. PETITION

On January 23, 2006, the petitioner filed an Application for Habeas Corpus Pursuant to Title

28 U.S.C. § 2241. The petitioner indicates in his application that he is seeking relief from prison

conditions. Specifically, the petitioner claims that while he was incarcerated at FCI Gilmore, prison

officials were withholding photographs that were sent to him, claiming that inmates within the

Federal Bureau of Prisons may only possess twenty-five (25) photographs at a time. The petitioner asserts that the respondent's limitation on the number of photographs he may have in his possession is in violation of the Federal Bureau of Prisons Program Statement and related federal law.

## II. RESPONDENT'S MOTION

The respondent has moved to dismiss this matter on the basis that this Court does not have jurisdiction over the petitioner or his custodian. In support of his motion, the respondent has tendered the Declaration of Sharon Wahl, the Legal Instruments Examiner for the Beckley Consolidated Legal Center which is located at the Federal Correctional Institute in Beckley, West Virginia. Ms. Wahl states in her sworn declaration that her access to Sentry, the Federal Bureau of Prisons' online information system, inmate Judgment and Commitment Files and Central Files, establishes that on January 23, 2006, the petitioner was incarcerated at the United States Penitentiary (USP) Big Sandy, located in Inez, Kentucky, and not incarcerated within the judicial district of the United States District for the Northern District of West Virginia. (Doc. 6-2). Accordingly, the respondent argues that this Court does not have jurisdiction to entertain the petitioner's petition, and the same should be dismissed.

In addition, the respondent contends that the petitioner is not entitled to any relief under §2241 because he is not challenging the legality of his custody and does not seek the immediate or speedier release from imprisonment, but rather, is challenging the conditions of his confinement.

## III. ANALYSIS

A petition under 28 U.S.C. § 2241 must be filed in the district of incarceration. United States v. Miller, 871 F.2d 488 (4th Cir. 1989). Jurisdiction over a § 2241 petition is determined at the time of filing of the petition. Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999). Because

the respondent had neither actual nor constructive custody of the petitioner on the date the petition was filed, it is manifest that the petition states no ground upon which a writ of habeas corpus could be issued by this Court.

Additionally, petitioner's action is one challenging a violation of his civil rights, and is therefore not a claim which can be brought in a habeas corpus action. <u>See</u> <u>Preiser v. Rodriquez</u>, 411 U.S. 475, 499-500 (federal habeas relief extends to prisoners challenging the fact or duration of imprisonment and § 1983 actions apply to inmates making constitutional challenges to conditions of confinement). <u>See also</u> <u>Lee v. Winston</u>, 717 F.2d 888 (4th Cir. 1983). To pursue the claims raised in his petition, the petitioner must file a lawsuit governed by <u>Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 399 (1971),[1] and pay the $350.00 filing fee.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition (Doc. 1) be DENIED and the respondent's Motion to Dismiss, Or Alternatively, For Summary Judgment (Doc. 6) be GRANTED, without prejudice to the respondent's right to file a Bivens action.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable W. Craig Broadwater, United States

---

[1]In Bivens, the Supreme Court created a counterpart to §1983 so that individuals may bring suit against a federal actor for violating a right guaranteed by the Constitution or federal law. Because petitioner is a federal prisoner, he must therefore file a Bivens action as opposed to one under §1983.

District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation/Opinion to the *pro se* petitioner and to any counsel of record.

DATED: April 25, 2006

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE